# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEE MURRAY SYKES, ) | |
| ) | |
| Petitioner, ) | Case No.: 2:10-cv-00494-GMN-LRL |
| vs. ) | |
| ) | **ORDER** |
| ANTHONY SCILLIA, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the Court on Respondents' Motion to Dismiss (ECF No. 11) the petition for writ of habeas corpus filed by Petitioner Lee Murray Sykes pursuant to 28 U.S.C. § 2254. Petitioner has filed a Response (ECF No. 19) and a Motion for Judgment on the Pleadings (ECF No. 20). Both motions are fully briefed.

**I.     Procedural History**

In March of 2006, Petitioner was convicted in Clark County, Nevada, on six of eight criminal charges, including attempted murder, battery with a deadly weapon resulting in substantial bodily harm, first degree kidnapping with the use of a deadly weapon, two counts of attempted murder, and burglary. (Exs. 50, 54, ECF No. 15.) He was also convicted of being a felon in possession of a firearm. (Exs. 50, 55, ECF No. 15.)

Petitioner moved for a new trial alleging errors including: (1) comments by the judge about defense counsel during voir dire; (2) comments and reactions by jurors during the trial; and (3) the defense's inability to recall a witness during its case in chief because a demonstration was blocking the entrance of the courthouse. (Ex. 56, ECF No. 15.) The motion was opposed and denied following a hearing. (Exs. 56-59, ECF No. 15.)

Petitioner also made a motion to dismiss Count Two--battery with a deadly weapon--

arguing that the charge merged with the charge of attempted murder. (Ex. 60, ECF No. 15.) That count was dismissed before sentencing.  A judgment of conviction was entered on May 24, 2006. (Ex. 62, ECF No. 15.)  Petitioner then appealed, raising nine claims of error. (Ex. 64, ECF No. 15.)  The conviction was affirmed by the Nevada Supreme Court on September 21, 2007. (Ex. 67, ECF No. 15.)

On post-conviction review, Petitioner raised seven grounds for relief, all of which alleged ineffective assistance of counsel. (Ex. 72, ECF No. 15.)  The trial court denied the petition and Petitioner appealed. (Exs. 76-77, ECF No. 15.)  The Nevada Supreme Court addressed his claims and denied relief on January 7, 2010. (Ex. 78, ECF No. 15.) Thereafter, Petitioner filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1).

**II.     Federal Petition**

Petitioner raises five grounds for relief, which can be summarized as: (1) the State failed to preserve evidence; (2) ineffective assistance of counsel because trial counsel failed to obtain neurological or psychiatric testimony regarding Petitioner's mental state at the time of the offense; (3) violation of due process rights, as (a) the State used tampered evidence during the trial and (b) one of the jurors had limited proficiency in English; (4) ineffective assistance of counsel, as counsel (a) failed to recall Yvonne Ross and (b) failed to impeach witnesses on inconsistent statements; and (5) cumulative error.

Respondents move to dismiss the petition as mixed, arguing that Petitioner has failed to present certain claims contained in his federal petition to the state courts for review. Petitioner responded to the Motion to Dismiss and simultaneously moved for judgment on the pleadings.  In that Motion, Petitioner makes numerous unwarranted and unsubstantiated assertions, including arguing that the pending Motion to Dismiss is successive in violation of the Court's order of May 24, 2010.

Although Respondents have filed a Response to the statements contained in Petitioner's Motion for Judgment on the Pleadings and Petitioner has replied, the Court will not address Petitioner's misplaced and unfounded arguments except to note that the Motion to Dismiss is the first and only one filed in this action and judgment on the pleadings is unavailable.[2] Accordingly, the Court denies the relief requested.

### III.   ANALYSIS

Respondents contend that Petitioner has not exhausted Ground (3)(a)--the claim that Petitioner's due process rights were violated because the State presented tampered evidence; Ground (4)(a)--counsel was ineffective for failing to recall Yvonne Ross to testify during the defense's case in chief; or Ground (4)(b)--counsel was ineffective for failing to investigate witnesses.

#### A.   Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[3] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228

---

[2] Sanctions against Respondents are not warranted as they have not violated any directive of the Court, and judgment on the pleadings is unavailable under 28 U.S.C. §2254.

[3] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(9th Cir. 1979).  To fairly present a federal claim to the state court, the Petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)), *cert. denied*, 529 U.S. 1009 (2000).  The Petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).  Additionally, a pro se Petitioner may exhaust his claim by citing to state case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue").

    The mere similarity of claims of state and federal error is insufficient to establish exhaustion.  *Hiivala*, 195 F.3d at 1106 (citing *Duncan*, 513 U.S. at 366); *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *see also Shumway*, 223 F.3d at 987.

    The fact that the state court does not explicitly rule on the merits of a Petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982).

    Petitioner's response to the Motion to Dismiss fails to address the exhaustion argument.  His opposition rests solely on his unsupportable argument that Respondents violated a court order.  A review of the record confirms that Petitioner has not exhausted the

claims identified by Respondents.

i. Ground (3)(a)

In his direct appeal, Petitioner claimed:

> The Court violated the Fifth, Sixth, and Fourteenth Amendments and the Nevada Constitution by denying Sykes's Motion to Dismiss based on the State's failure to preserve key evidence and by rejecting jury instructions on this issue.

(Ex. 64, ECF No. 15.) In the discussion following the claim, there is no mention of evidence tampering or the introduction of tampered evidence. Rather, the claim discusses the State's failure to test blood to identify the source and its failure to secure and retain telephone records, which evidence, Petitioner argues, could have been exculpatory or supportive of his self-defense claims.

In the instant petition, Petitioner contends that "the State knowingly used tampered evidence, during trial" because it appears from the crime scene photographs that the automobile at the crime scene was moved following the commission of the crime even though a crime scene analyst (CSA) testified that evidence at a crime scene is not moved. (Pet. 19-20, ECF No. 1.) No allegation of evidence tampering was made to the state court; therefore, Ground 3(a) is unexhausted.

ii. Ground (4)(a)

Here, Petitioner contends that trial counsel "errored [sic] in not having Ms. Ross, the victim return, and testify . . . ." (Pet. 24, ECF No. 1.) On direct appeal, Petitioner argued the court erred in not allowing the recall of witness Ross. (Ex. 64, ECF No. 15.) However, that is not the same claim as the one presented in the federal petition; whereas Petitioner claimed error on the part of the court in his direct appeal, here the alleged error is attributed to his trial counsel. Further, there are seven claims of ineffective assistance of counsel in the state post-conviction petition, but none of them contain a claim that counsel was ineffective for

not recalling Ms. Ross as a defense witness.  Thus, Ground (4)(a) is unexhausted.

iii.     Ground (4)(b)

Petitioner contends that counsel was ineffective for failing to investigate witnesses, arguing that counsel should have impeached witness Michael Baker with his inconsistent statements to the police.  In his state post-conviction petition, Petitioner claimed that counsel failed to "exercis[e] constitutional diligence in their review of the entire discovery." (Ex. 72, ECF No. 15.)  His support for the claim included an allegation that counsel failed to utilize the victim's voluntary statement, and failed to use "viable witnesses" at trial such as Roy Fields. (*Id.*)  Petitioner also alleges that counsel failed to investigate the discovery thoroughly.  However, there is no claim in the state post-conviction petition that counsel should have investigated and used Michael Baker's inconsistent police statements at trial. Accordingly, Ground (4)(b) is unexhausted.

**IV.     Petitioner's Election**

As shown above, this is a mixed petition subject to dismissal.  A federal court may not entertain a habeas petition unless the Petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.*  Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, Petitioner has the following options:

1.      He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.      He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. at 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).

Petitioner's failure to choose any of the three options listed above or to seek other appropriate relief from this Court will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 11) is **GRANTED.** The Court finds that Ground (3)(a), Ground (4)(a), and Ground (4)(b) are not exhausted.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Sanctions and for Judgment on the Pleadings (ECF No. 20) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner shall have **thirty (30) days** to:

**(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. Such a motion must make the necessary *Rhines v. Weber*, 544 U.S. 269 (2005) showing of cause for the failure to exhaust and diligence in pursuit of exhaustion, and must demonstrate that the claims are not clearly meritless. If Petitioner chooses to file a motion for a stay and abeyance or seeks other appropriate relief, Respondents may

respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds, Respondents shall have **thirty (30) days** from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. Petitioner shall thereafter have **twenty (20) days** following service of Respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Petitioner fails to respond to this order within the time permitted, this case will be dismissed.

DATED this 23rd day of February, 2011.

_____
Gloria M. Navarro
United States District Judge