UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LEE MURRAY SYKES, | ) | |
| Petitioner, | ) | 2:10-cv-00494-GMN-LRL |
| vs. | ) | |
| | ) | ORDER |
| ANTHONY SCILLIA, et al., | ) | |
| Respondents. | ) | |

This is an action on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Lee Murray Sykes. The Court previously found that various grounds of the Petition were unexhausted and afforded Petitioner an opportunity to advise the Court of his desire to seek a stay to exhaust or to abandon the unexhausted claims and proceed. (ECF No. 23.) Petitioner failed to timely respond to the Court's Order despite the clear instruction that failure to properly respond would result in dismissal of his entire Petition. *See* Order Denying Motion to Withdraw Order (ECF No. 33). He has, however, recently filed a "reply" brief which attempts to convince the Court that he has exhausted the claims for relief by presenting them in his Appellant's Opening Brief on appeal in post-conviction review. (ECF No. 34.)[1]

A review of the referenced opening appellant brief fails to convince the Court that

---

[1] Petitioner's original opposition to the motion to dismiss failed to address the question of exhaustion in any specific way, merely arguing that respondents should be required to answer the merits of his habeas claims. (ECF No. 19.)

1 the claims are properly exhausted, particularly where the Nevada Supreme Court in its Order of
2 Affirmance notes:

> We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. <u>To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance</u>.

Order of Affirmance, n. 1, p. 5, Exhibit 78 to the Motion to Dismiss (emphasis added). To exhaust a claim, it must be fairly presented, at a time and in a procedural context where the state court will consider the merits of the claim. *See, Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887 (1995); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971). Petitioner's attempt to present new claims directly to the Nevada Supreme Court on appeal from his post-conviction denial is ineffective to exhaust the claims.

His reply also includes a reluctant request for a stay and abeyance in order to return to state court to attempt to exhaust the unexhausted claims. However, petitioner offers no argument under *Rhines v. Weber,* which affords a justification for his untimely and ineffective presentation of claims to the state courts. *Rhines*, requires that a petitioner show good cause for his failure to exhaust as well as that the claims are not plainly meritless. *Id.,* 544 U.S. 268, 277, 125 S.Ct 1528, 1535 (2005). The sum of Petitioner's statement as to stay and abeyance in response to the Court's order is as follows:

> Yet, for the record, Sykes will ask this court to both stay and abey his exhausted federal claims under the 2254 writ, while Petitioner returns to state court to exhaust, alleged unexhausted claims . . . that were already considered by the state's highest court. <u>See Exhibit #C</u>. Sykes makes this election only has [sic] a propitiation to this most honorable Judiciary, and prays that is it at this time no longer needed.

Reply, (ECF No. 34), p. 3.

In light of Petitioner's choice to proceed as if his claims are exhausted and his failure to make any attempt to offer arguments or explanations that justify this Court's use of its

1 limited discretion in granting a stay and abeyance of the proceedings, the stay shall be denied.

2       A federal court may not entertain a habeas petition unless the petitioner has
3 exhausted available and adequate state court remedies with respect to all claims in the petition.
4 *Rose v. Lundy*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted
5 claims is subject to dismissal. *Id.* However, rather than dismiss the entire petition, the Court
6 will dismiss the unexhausted claims with prejudice and shall require the respondents to answer
7 the exhausted claims remaining before the Court.

8       **IT IS THEREFORE ORDERED** that the request for stay and abeyance is
9 **DENIED.** Ground Three (A), Ground 4 (A) and Ground 4(B) of the petition are **DISMISSED**
10 **WITH PREJUDICE.**

11       **IT IS FURTHER ORDERED** that Respondents shall have **thirty (30) days** to
12 file their Answer to the remaining grounds of the Petition. Petitioner shall have **thirty (30) days**
13 thereafter to file his reply.

14       **DATED** this 14th day of June, 2011.

15
16                                                   _____
                                                  Gloria M. Navarro
17                                                   United States District Judge

18
19
20
21
22
23
24
25
26